# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR FIGUEROA MOLINARES,    ) | 1:09-CV-01964 OWW GSA HC |
|          ) | |
|            Petitioner,    ) | FINDINGS AND RECOMMENDATION |
|          ) | REGARDING RESPONDENT'S MOTION |
|          ) | TO DISMISS PETITION FOR WRIT OF |
|      v.    ) | HABEAS CORPUS |
|          ) | |
|          ) | |
| NEIL H. ADLER, Warden,    ) | |
|          ) | |
|            Respondent.    ) | |
| _____ ) | |

     Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## BACKGROUND[1]

     Petitioner is currently in the custody of the United States Bureau of Prisons ("BOP") at the Taft Correctional Institution located in Taft, California, serving a sentence of 161 months for a 2006 conviction for conspiracy to distribute cocaine sustained in the United States District Court for the Southern District of New York.

---

    [1]The background information is taken from the petition, Respondent's motion to dismiss, and the declaration of Cheryl Lane in support of Respondent's motion to dismiss.

On November 9, 2009, Petitioner filed the instant federal petition for writ of habeas corpus in this Court. Petitioner complains the Bureau of Prisons has miscalculated his federal sentence by failing to award him credit for time served prior to sentencing.

On January 4, 2010, Respondent filed a motion to dismiss the petition pursuant to Fed. R. Civ. P. 12(b)(6). Petitioner filed an opposition to Respondent's motion on January 20, 2010, requesting that the Court dismiss Respondent's motion.

**DISCUSSION**

I.  Motion for Summary Judgment

Respondent moves to dismiss the petition for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). The Supreme Court has stated that the claim "that a Rule 12(b)(6) motion is an appropriate motion in a habeas corpus proceeding" is "erroneous." Browder v. Director, Ill. Dept. of Corrections, 434 U.S. 257, 269 n. 14 (1978). Nevertheless, rule 4 of the Rules Governing Section 2254 in the United States District Courts "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated." Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir.1983). Because Respondent moves for dismissal based on the argument that the facts alleged in the petition do not entitle Petitioner to habeas relief as a matter of law, the Court will review the motion for summary dismissal under Rule 4.

Rule 4 of the Rules Governing Section 2254 Cases[2] provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

---

[2] The Rules Governing Section 2254 Cases may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion. See, Rule 1 of the Rules Governing Section 2254 Cases. Accordingly, the Court will exercise its discretion in this case and apply the section 2254 rules to the instant 28 U.S.C. § 2241 habeas petition.

## II. Jurisdiction

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. <u>See</u> 28 U.S.C. § 2241. While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. <u>See</u>, <u>e.g.</u>, <u>Capaldi v. Pontesso</u>, 135 F.3d 1122, 1123 (6th Cir. 1998); <u>Kingsley v. Bureau of Prisons</u>, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); <u>United States v. Jalili</u>, 925 F.2d 889, 893-94 (6th Cir. 1991); <u>Brown v. United States</u>, 610 F.2d 672, 677 (9th Cir. 1990). To receive relief under 28 U.S.C. § 2241 a petitioner in federal custody must show that his sentence is being executed in an illegal, but not necessarily unconstitutional, manner. <u>See</u>, <u>e.g.</u>, <u>Clark v. Floyd</u>, 80 F.3d 371, 372, 374 (9th Cir. 1995) (contending time spent in state custody should be credited toward federal custody); <u>Jalili</u>, 925 F.2d at 893-94 (asserting petitioner should be housed at a community treatment center); <u>Barden</u>, 921 F.2d at 479 (arguing Bureau of Prisons erred in determining whether petitioner could receive credit for time spent in state custody); <u>Brown</u>, 610 F.2d at 677 (challenging content of inaccurate pre-sentence report used to deny parole). A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian. <u>Brown</u>, 610 F.2d at 677. Petitioner is currently in custody of the U.S. Bureau of Prisons at the Taft Correctional Institution in Taft, California, which is located within the jurisdiction of this Court. 28 U.S.C. § 2254(a); 2241(d).

## III. Review of Petition

Petitioner complains that the BOP has improperly calculated his federal sentence. He claims the BOP has failed to credit his federal sentence for the time he had served on a separate federal sentence.

The authority to compute a federal prisoner's sentence is delegated to the Attorney General who exercises it through the Bureau of Prisons. <u>United States v. Wilson</u>, 503 U.S. 329, 334-35 (1992); <u>Allen v. Crabtree</u>, 153 F.3d 1030, 1033 (9th Cir.1998), *cert. denied*, 525 U.S. 1091 (1999); 18 U.S.C. § 3621(a).

1    18 U.S.C. § 3585 provides:

2        (a) Commencement of sentence. - A sentence to a term of imprisonment
     commences on the date the defendant is received in custody awaiting
3    transportation to, or arrives voluntarily to commence service of sentence at, the
     official detention facility at which the sentence is to be served.

4
         (b) Credit for prior custody. - A defendant shall be given credit toward the
5    service of a term if imprisonment for any time he has spent in official detention
     prior to the date the sentence commences -

6
         (1) as a result of the offense for which the sentence was imposed; or

7
         (2) as a result of any other charge for which the defendant was arrested after
8    the commission of the offense for which the sentence was imposed;

9    *that has not been credited against another sentence.*

10   (Emphasis added.)

11       In Wilson, the Supreme Court noted that, under section 3585(b), "Congress made clear that a

12   defendant could not receive double credit for his detention time." 503 U.S. at 337. Thus, under

13   section 3585(b), Petitioner is not entitled to custody credit if it was applied toward another sentence.

14   United States v. Von Willie, 59 F.3d 922, 930-931 (9th Cir.1995); United States v. Kramer, 12 F.3d

15   130, 132 (8th Cir.1993).

16       In this case, Petitioner was sentenced in 2002 in the U.S. District Court for the Southern

17   District of Florida on his conviction for illegal entry after being convicted of an aggravated felony in

18   violation of 8 U.S.C. § 1326. He was sentenced to serve a term of 46 months incarceration. On

19   March 3, 2004, while serving his Florida sentence, he was released into the custody of the United

20   States Marshals Service, via federal writ, to face charges in the Southern District of New York for

21   conspiracy to distribute cocaine in violation of 21 U.S.C. § 846. During the time he was in custody

22   of the U.S. Marshals Service, Petitioner completed his Florida sentence. He was then held in custody

23   to face the New York charges. He remained in custody from October 14, 2004, until February 15,

24   2006, when he was sentenced in the Southern District of New York.

25       On February 16, 2006, Petitioner was sentenced to serve a term of 168 months incarceration.

26   The sentencing judge ordered that Petitioner be awarded credit against his sentence for the time he

27   spent in federal custody from March, 2004, until October, 2004. The sentencing judge did not realize

28   that period of federal custody was already being credited toward Petitioner's Florida sentence.

Pursuant to 18 U.S.C. § 3585(b), Petitioner cannot receive credit for that time toward his federal sentence, as that would constitute unauthorized dual credit. Therefore, on April 6, 2009, the sentence was corrected. The judge amended the judgment by reducing the sentence from 168 months to 161 months to reflect the judge's original intention to credit Petitioner for those 7 months he spent in custody from March, 2004, until October, 2004. As Respondent notes, the statement of reasons for the changed sentence reads: "On consent of the Government, the sentence is adjusted to account for a mistake between the parties as to the credit defendant was to receive for a related [federal] sentence." See Attachment to Declaration of Cheryl Lane.

Therefore, the mistake Petitioner refers to has been corrected by the sentencing judge, and Petitioner was awarded 7 months credit against his federal sentence to account for the mistake. Essentially, Petitioner is now requesting he be awarded another 7 months credit. Petitioner is certainly not entitled to duplicate credit. Thus, Respondent persuasively argues that the petition should be dismissed as Petitioner is clearly not entitled to habeas relief based on his claims. It is equally clear that no tenable claim for relief can be made if Petitioner were given the opportunity to amend.

## RECOMMENDATION

Accordingly, the Court hereby RECOMMENDS that Respondent's motion for summary dismissal be GRANTED, the petition for writ of habeas corpus be SUMMARILY DISMISSED, and the Clerk of Court be DIRECTED to enter judgment and close the case.

These Findings and Recommendations are submitted to the Honorable Oliver W. Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after date of service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to

appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).


      IT IS SO ORDERED.

**Dated:**   **March 9, 2010**             **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE